IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELANA ROBBINS,** | |
| **Plaintiff,** | |
| v. | Case No. 3:22-CV-154-NJR |
| **FORD MOTOR CREDIT COMPANY, LLC,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Under the Fair Credit Reporting Act ("FCRA"), a creditor is required to reasonably investigate a consumer's dispute as to his or her credit information. In this case, Plaintiff Delana Robbins disputes information reported by Ford Motor Credit Company, LLC ("Ford Credit"), with regard to an auto loan she paid off in 2015. Robbins claims Ford Credit has violated the FCRA by failing to reasonably investigate the matter.

Ford Credit now moves for summary judgment (Doc. 21); Robbins has filed a response in opposition (Doc. 24). For the reasons set forth below, Ford Credit's motion is denied.

## BACKGROUND

The following material facts are undisputed for purposes of summary judgment. Plaintiff Delana Robbins purchased a 2014 Ford Edge from Holzhauer Auto & Truck Sales on December 9, 2014. (Doc. 21-1 at p. 1). The contract was subsequently assigned to Ford Credit, which provided financing for the vehicle. (*Id.* at p. 4). Robbins made a total of

10 payments on her account and paid off the vehicle on November 10, 2015. (*Id.* at pp. 7-8). The payoff, including late fees, was received more than 30 days after the payment due date of October 2, 2015. (*Id.* at p. 8).

On May 26, 2021, Robbins sent a letter to Equifax stating that it had included incorrect information in her credit report. (*Id.* at pp. 10-11). She asked Equifax to investigate and verify information regarding several credit accounts, including the account she had with Ford Credit. (*Id.*). With regard to her Ford Credit account, Robbins stated: "How can it be that this account was closed, with no Balance, and at the same time, it is being reported as an account with a Payment Status of Late 30 Days? On account of your inaccurate reporting, I dispute this entire account." (*Id.* at p. 10).

Ford Credit received an Automated Credit Dispute Verification ("ACDV") from Equifax on June 2, 2021. (*Id.* at pp. 18-20). The ACDV stated in the section on Dispute Information: "Consumer states inaccurate information. Provide or confirm complete ID and verify all Account Information." (*Id.*). On June 8, 2021, Ford Credit sent an ACDV response to Equifax containing the following account information:

- **Account Status:**   13. Paid or closed account/zero balance
- **Payment Rating:**   1: 30-59 days past the due date
- **Date Opened:**   12/09/2014
- **Date of Account Information:**   11/10/2015
- **Date of Last Payment:**   11/10/2015
- **Date Closed:**   11/10/2015
- **Current Balance:**   0
- **Amount Past due:**   0
- **Scheduled Monthly Payment:**   None

(*Id.*).

Robbins filed this lawsuit on January 25, 2022 (Doc. 1), and the Amended

Complaint on May 3, 2022, alleging Ford Credit violated the FCRA by negligently and recklessly disseminating false information regarding her credit. (Doc. 18 at ¶ 1). Specifically, Robbins claims Ford Credit has inaccurately reported that she has a zero balance and a current status of 30-59 days past due. (*Id.* at ¶ 8). Robbins asserts the "Payment Rating" field is designed to be understood as the current status of her account. (*Id.* at ¶ 10). As such, credit scoring algorithms take this data field into account when calculating and generate a credit score. (*Id.*). Ford Credit's reporting is inaccurate or materially misleading, she alleges, because the "Payment Rating" field conveys that she is currently delinquent on payments. (*Id.* at ¶ 11). As a result, her credit score has been negatively impacted. (*Id.* at ¶ 12). The Amended Complaint contains one count against Ford Credit for failure to completely, thoroughly, and reasonably investigate the dispute in violation of 15 U.S.C. § 1681s-2(b). (Doc. 18 at ¶¶ 19-26).

## LEGAL STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Once the moving party sets forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Bennington v. Caterpillar*

*Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

Entities that report consumer information to credit reporting agencies are called "furnishers" of information; these include creditors, lenders, utility companies, and other entities with information about a consumer's credit. *MacDonald v. Servis One, Inc.*, No. 21 C 6070, 2022 WL 1641722, at *3 (N.D. Ill. May 24, 2022) (citing 15 U.S.C. §§ 1681a, 1681s-2). The FCRA imposes certain requirements on consumer reporting agencies and furnishers. 15 U.S.C. § 1681s. When a consumer reporting agency provides a furnisher with an ACDV, notifying the furnisher of a dispute with regard to an account, the furnisher must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (citing 15 U.S.C. § 1681s–2(b)). The furnisher's investigation must be "reasonable—pro forma inquiries will not do." *Woods v. LVNV Funding, LLC*, 27 F.4th 544, 550 (7th Cir. 2022) (citing *Westra*, 409 F.3d at 827). Whether an investigation is "reasonable" is a factual question normally reserved for trial unless the procedures were reasonable beyond question. *Id.*

When evaluating whether an investigation is reasonable beyond question, a court looks to the content of the ACDV that the furnisher receives. *Id.* For example, in *Westra*,

the plaintiff was the victim of identity theft, but the ACDV sent by Trans Union contained only "scant information" about the dispute, *i.e.*, a claim that the account "did not belong to the plaintiff." *Westra*, 409 F.3d at 826-27. It did not provide any information about possible fraud or identity theft. *Id.* In that circumstance, the Seventh Circuit held that the furnisher's limited investigation, in which it verified the plaintiff's name, address, and date of birth, was reasonable beyond question. *Id.*

Additionally, while the Seventh Circuit has not addressed the issue, other Circuit Courts that have considered whether a furnisher has conducted a reasonable investigation have found that § 1681s-2(b) requires a threshold showing that the information provided by the furnisher after its investigation was inaccurate. *See, e.g.*, *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246 (9th Cir. 2022); *see also Mileva v. Trans Union, LLC*, No. 20-CV-123, 2021 WL 1172704, at *4 (N.D. Ill. Mar. 29, 2021) ("The parties agree that in order to make a claim under § 1681s-2, a plaintiff must make a threshold showing that a furnisher provided inaccurate or misleading information."). In *Gross*, the Ninth Circuit observed that before a court can consider the reasonableness of the agency's procedures, the plaintiff must make a prima facie showing of inaccuracy in the agency's reporting. *Id.* at 1251. "This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play. On the flip side, if there is an inaccuracy, to succeed, the plaintiff must establish that the investigation was unreasonable." *Id.*

### A. Inaccuracy of Information Provided by Ford Credit

In this case, the parties spend the majority of their briefing discussing the accuracy of the information reported by Ford Credit. Ford Credit argues that the "Payment Rating"

field code of "1" reflects that the payoff was received over 30 days past the due date, which is an accurate reflection of Robbins's account—the final payment on her account was due on October 2, 2015, and the full payoff was received on November 10, 2015. Because the "Payment Rating" field is an accurate reflection of Robbins's account, Ford Credit argues, her FCRA claim against it must fail.

In response, Robbins argues that the "Payment Rating" field is supposed to reflect the current status of an account. Robbins submits the Credit Reporting Resource Guide ("CRRG"), authored by the Consumer Data Industry Association, as evidence that the Payment Rating field is defined as a "a code that properly identifies whether the account was current, past due, in collections, or charged off prior to the status and within the current month's reporting period." (Doc. 24-1 at p. 64). Robbins also points to the Frequently Asked Questions and Answers portion of the CRRG, where the guide answers how the Account Statuses, Payment Ratings, and Special Comments sections interact. The CRRG explains:

> The Account Status (Field 17A) is used to report the current condition of the accounts, such as current or 30 days past the due date. The Payment Rating (Field 17B), which is required for certain Account Statuses, is used to report whether the account is current, past due, in collections or charged off within the current month's reporting period. The Special Comment (Field 19) is used to provide additional information about the account. These codes are used together to provide a complete picture of the account.

(*Id.* at p. 180).

Based on the CRRG, Robbins argues that the Payment Rating field reflects current information, not historical information; therefore, the ACDV provided by Ford Credit is inaccurate because Robbins is not currently late on payments. At the very least, Robbins

argues, the meaning of the Payment Rating field in the credit reporting industry is a question of fact that should prevent summary judgment for Ford Credit. Robbins notes that Ford Credit prematurely filed its summary judgment motion right after it served written discovery responses and before the close of fact or expert discovery, so neither party has expert testimony to support its position.

While the parties do not have expert testimony to support their arguments, they do rely on case law from outside the Seventh Circuit. In each of those cases, however, summary judgment was decided on the basis of actual evidence, including expert opinions on CRRG guidance. *See Fernandez v. Great Lakes Educ. Loan Servs., Inc.*, No. CV 19-144, 2021 WL 3857864, at *5 (E.D. Pa. Aug. 30, 2021)[1]; *Soler v. Trans Union, LLC*, No. CV208459DSFPLAX, 2021 WL 6104232, at *3 (C.D. Cal. Nov. 29, 2021); *Macik v. JPMorgan Chase Bank, N.A.*, No. CV G-14-044, 2015 WL 12999728, at *4 (S.D. Tex. May 28, 2015), *report and recommendation adopted sub nom. Macik v. Trans Union, LLC*, No. 3:14-CV-0044, 2015 WL 12999727 (S.D. Tex. July 31, 2015) (defendant did not rely on expert testimony but submitted the CRRG as evidence). Ford Credit and Robbins also rely on cases that were decided on a motion to dismiss or motion for judgment on the pleadings, which apply a completely different legal standard. *See Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021); *Cassity v. TransUnion, LLC*, No. 6:20-CV-02139-MK, 2021 WL 4166340, at *1 (D. Or. July 26, 2021), *report and recommendation adopted*, No. 6:20-CV-02139-MK, 2021 WL 4166323 (D. Or. Sept. 13, 2021); *Friedman v. CitiMortgage,*

---

[1] Ford Credit also copied and pasted a string cite of 18 cases verbatim from the *Fernandez* opinion, which the Court will not consider.

Page 7 of 10

*Inc.*, 2019 WL 4194350 (S.D.N.Y. Sept. 3, 2019); *Gatanas v. Am. Honda Fin. Corp.*, 2020 WL 7137854 (D.N.J. Dec. 7, 2020); *Sokol v. TransUnion, LLC*, 2022 WL 797017 (S.D. Fla. Mar. 16, 2022).

The Court finds none of these cases particularly instructive. With no binding Seventh Circuit case law regarding the Payment Rating field and no evidence to support Ford Credit's interpretation of it, the Court agrees with Robbins that a question of fact exists as to the meaning of the Payment Rating field in the credit reporting industry. Thus, the Court finds summary judgment cannot be granted on the basis of the report's accuracy.

### B. Reasonable Investigation

Even assuming the information provided by Ford Credit was not inaccurate or misleading, the Court finds that Ford Credit still would not be entitled to summary judgment. The Seventh Circuit has not held that inaccuracy is required to succeed on a § 1681s-2(b) claim and, instead, has focused its decisions on the reasonableness of the furnisher's investigation. *See Westra*, 409 F.3d at 827; *Woods*, 27 F.4th at 550; *Walton v. EOS CCA*, 885 F.3d 1024, 1028 (7th Cir. 2018). As discussed above, whether a furnisher has conducted a reasonable investigation is a factual question reserved for trial unless the procedures used were reasonable beyond question. *Woods*, 27 F.4th at 550.

Ford Credit relegates its argument regarding the reasonableness of its procedures to the last six lines of its 13-page brief, stating summarily that "the ACDV response confirms that Ford Credit investigated the dispute, reviewed the relevant account information, and reported the results timely to the consumer reporting agency. The

undisputed material facts confirm that Plaintiff's account is reporting correctly and accurately, Ford Credit properly investigated the dispute, and Plaintiff's FCRA claims fail as a matter of law." (Doc. 21 at p. 13).

In addition to the ACDV itself, Ford Credit cites to an affidavit from Jennifer Scholl, a Credit Risk Analyst at Ford Credit, who attests that she has personal knowledge of the ACDV that Ford Credit received with regard to Robbins's account. (Doc. 21-1 at pp. 1-2). According to Scholl, the dispute code present on the ACDV was "112: Consumer states inaccurate information. Provide or confirm complete ID and verify all Account Information." (*Id.*). She further attests that Ford Credit's response to the ACDV "confirmed the following information was correct":

    a.   Account Status - 13: Paid or closed account/zero balance
    b.   Payment Rating - 1: 30-59 days past the due date
    c.   Date Opened – 12/9/2014
    d.   Date of Account Information – 11/10/2015
    e.   Date of Last Payment – 11/10/2015
    f.   Date Closed – 11/10/2015
    g.   Current Balance - 0
    h.   Amount Past Due - 0
    i.   Scheduling Monthly Payment – blank

(*Id.*).

The Court cannot say, on the basis of the ACDV responses and the Scholl affidavit, that Ford Credit's investigation was reasonable beyond question. This evidence tells the Court nothing about Ford Credit's inquiry into the dispute or how it verified that Robbins's account information was correct. Ford Credit argues there is "not a scintilla of evidence to support a claim under section 1681s-2(b) that Ford Credit failed to properly investigate the dispute." (Doc. 21). As the movant, however, Ford Credit has the burden

of producing evidence that it performed a reasonable investigation and, thus, is entitled to judgment as a matter of law. It has failed to do so.

## CONCLUSION

For these reasons, the Motion for Summary Judgment filed by Defendant Ford Motor Credit Company LLC (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 8, 2023

 

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**